**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **RIGOBERTO RODRIGUEZ ARCE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-616-KC** |
| | § | |
| **KRISTI NOEM et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**SHOW CAUSE ORDER**

On this day, the Court considered Rigoberto Rodriguez Arce's Petition for a Writ of Habeas Corpus, ECF No. 1. Rodriguez Arce is detained at the ERO El Paso Camp East Montana detention center in El Paso, Texas. *Id.* ¶ 10. He argues that his detention is unlawful and asks the Court to order his release. *Id.* ¶¶ 24–44.

Rodriguez Arce is a Cuban citizen who has lived in the United States since about 2007. *Id.* ¶ 2. In 2019, an immigration judge ("IJ") ordered that Rodriguez Arce be removed. *Id.* ¶ 3. At that time, Rodriguez Arce could not be removed and was therefore released under an Order of Supervision ("OSUP"). *Id.* ¶ 4. On December 9, 2025, immigration officials detained Rodriguez Arce again. *Id.* ¶ 5. Rodriguez Arce alleges that circumstances have not changed as to warrant his re-detention. *Id.* ¶ 9. And that "ICE has communicated that Cuba will not accept him"; "Mexico will not accept him"; "[n]o travel document exists"; "no repatriating agreement exists"; and "[n]o removal date is pending. *Id.* ¶ 35.

Prolonged detention of non-citizens under a final order of removal can become unconstitutional when detention exceeds six months. *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001). But this Court has held that a detainee who is subject to a final order of removal, is then

determined to be unremovable and thus released from custody on an OSUP, and is later re-detained without a material change in circumstances, is not limited to a *Zadvydas* claim to challenge their detention. *See Trejo v. Warden of ERO El Paso E. Montana*, --- F.Supp.3d ----, 2025 WL 2992187, at *6–7 (W.D. Tex. Oct. 24, 2025). Once released, such individuals obtain a due process interest in remaining out of custody. *See id.* at *8. Unless the individual committed a crime or violated a term of their OSUP, there must have been some change that gave rise to a significant likelihood of removing the previously unremovable noncitizen to warrant re-detention. *See, e.g., Nguyen v. Bondi*, No. 3:25-cv-323-KC, 2025 WL 3120516, at *4–8 (W.D. Tex. Nov. 7, 2025).

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by **no later than March 18, 2026**, why the application for a writ of habeas corpus should not be granted and specify:

(1) What circumstances have changed that now make Rodriguez Arce's imminent removal likely,

(2) What concrete steps have been taken to effectuate Rodriguez Arce's removal,

(3) What obstacles exist to effectuating Rodriguez Arce's removal, such as issuance of travel documents, or identifying a country for removal,

(4) What concrete steps have been taken to address the existing obstacles, and

(5) The anticipated timeline for Rodriguez Arce's removal from the United States.

The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**SO ORDERED**.

**SIGNED this 4th day of March, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE