**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **RIGOBERTO RODRIGUEZ ARCE,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-616-KC** |
| | § | |
| **KRISTI NOEM et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the case.  On April 22, 2026, the Court granted in part

Rigoberto Rodriguez Arce's Petition for Writ of Habeas Corpus and ordered Respondents to

either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the

burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his

continued detention; or (2) release him from custody, under reasonable conditions of supervision.

Apr. 22, 2026, Order 5, ECF No. 9.

Respondents have now informed the Court that, on April 29, 2026, an IJ denied

Rodriguez Arce bond, finding that he "is a danger to the community and a flight risk."  Status

Report 1, ECF No. 10; *see id.* Ex. A ("IJ Order") at 1, ECF No. 10-1.  Because the Court granted

Rodriguez Arce's Petition in part on procedural due process grounds, Respondents' provision of

a bond hearing is sufficient to comply with the Court's Order.  *See* Apr. 22, 2026, Order 3–6.

However, because bond was denied and Rodriguez Arce remains in custody, his *Zadvydas* claim

will become ripe on June 9, and his continued detention may be unconstitutional if Respondents

are still unable to show that his removal is significantly likely to occur in the reasonably

foreseeable future.  *See Zadvydas v. Davis*, 533 U.S. 678, 689–90, 701 (2001); *see also* Apr. 22,

2026, Order 4 ("Rodriguez Arce has been detained for about four months and Respondents have not identified a country that Rodriguez Arce can be removed to, since he cannot be removed to Cuba or Mexico.").

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **by no later than June 10, 2026**, detailing the following:

(1) whether any third countries have been identified for Rodriguez Arce's removal and the concrete steps taken to obtain travel documents for Rodriguez Arce from those third countries; and

(2) whether any circumstances have changed such that Rodriguez Arce may be removed to Mexico or Cuba.

**SO ORDERED.**

SIGNED this 30th day of April, 2026.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2