IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| RIGOBERTO RODRIGUEZ ARCE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-616-KC |
| | § | |
| KRISTI NOEM et al., | § | |
| | § | |
| Respondents. | § | |

## ORDER

On this day, the Court considered the case.  On April 22, 2026, the Court granted in part Rigoberto Rodriguez Arce's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an IJ, at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision.  Apr. 22, 2026, Order 5, ECF No. 9.

On April 29, Rodriguez Arce was provided with a bond hearing, at which he was denied bond due to danger and flight risk.  Report 1, ECF No. 10; *see id.* Ex. A ("IJ Order") at 1, ECF No. 10-1.  Because the Court granted Rodriguez Arce's Petition in part on procedural due process grounds, the Court found that Respondents' provision of a bond hearing was sufficient to comply with the April 22 Order.  *See* Apr. 30, 2026, Order 1, ECF No. 11.  But noted that, "because bond was denied and Rodriguez Arce remains in custody, his *Zadvydas* claim will become ripe on June 9, and his continued detention may be unconstitutional if Respondents are still unable to show that his removal is significantly likely to occur in the reasonably foreseeable future."  *Id.* at 1–2 (first citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90, 701 (2001); and then

citing Apr. 22, 2026, Order 4).  The Court ordered Respondents to file a status report by June 10, detailing whether any third countries had been identified for Rodriguez Arce's removal, the concrete steps taken to obtain travel documents from those countries, and whether any circumstances had changed such that Rodriguez Arce could be removed to Mexico or Cuba.  *Id.* at 2.

Respondents have now filed an Advisory, ECF No. 12.  Respondents state that their last attempt to remove Rodriguez Arce was on March 9, 2026, but he refused to go to Mexico.  *See id.* ("2d Vasquez Decl.") ¶ 7, ECF No. 12-1.  The anticipated timeline for his removal is "currently unknown" since Cuba denied his repatriation, and he has not consented to removal to Mexico.  *Id.* ¶¶ 11–12.  Therefore, "no circumstances have changed such that [Rodriguez Arce] may be removed to Mexico or Cuba."  *Id.* ¶ 12.  And "no third countries besides Cuba and Mexico have been identified."  *Id.* ¶ 11.

Rodriguez Arce has now been detained for just over six months.  Pet. ¶ 5.  Cuba rejected Rodriguez Arce for repatriation on January 8, 2026.  Vasquez Decl. ¶ 5, ECF No. 8-1.  Since February 2026, Respondents have known that Mexico will "no longer accept[] failure-to-comply cases for removal" such as Rodriguez Arce.  *Id.* ¶¶ 6–7.  Thus, their subsequent attempts to remove him to Mexico have been unsuccessful.  *See generally* Vasquez Decl.; 2d Vasquez Decl. In the last four months, Respondents have not identified another third country for removal, let alone taken any concrete steps to obtain travel documents from that country on Rodriguez Arce's behalf.  *See generally* 2d Vasquez Decl.  Therefore, the Court finds that Rodriguez Arce has carried his initial burden of demonstrating that his removal is not significantly likely to occur in the reasonably foreseeable future, and that Respondents have failed to carry their corresponding burden of showing that it is.  *See Zadvydas*, 533 U.S. at 689–90.  In short, *Zadvydas* prohibits

indefinite post-removal order detention. Because Respondents continue to hold Rodriguez Arce in detention, despite taking no concrete steps to find a third country that will take him, his ongoing detention is indefinite, and thus, prohibited. *See id.*; *see, e.g. Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025); *Araya Mogos v. Thompson*, No. 5:26-cv-740-JKP, 2026 WL 475079, at *6 (W.D. Tex. Feb. 13, 2026). Nevertheless, because Respondents insist that they "continue seeking a third country for removal," the Court provides them a final opportunity to do so. *See* 2d Vasquez Decl. ¶ 11.

Accordingly, the Court **ORDERS** that, **on or before June 26, 2026**, Respondents shall either lawfully **REMOVE** Rodriguez Arce from the United States or **RELEASE** Rodriguez Arce from custody under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before June 26, 2026**, Respondents shall **FILE** notice informing the Court whether Rodriguez Arce has been removed from the country or released from custody in compliance with this Order.

**Barring exceptional circumstances, there will be no extensions of the June 26, 2026, deadlines**, unless they fall on a weekend or holiday, in which case, the deadlines are extended to the following business day.

**SO ORDERED.**

SIGNED this 12th day of June, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE